The next case on the calendar is Kwon v. Santander Consumer. Good afternoon, Your Honor. My name is Dae-Hyuk Kwon, the appellant in case number 17-1332. The appellee is Santander Consumer USA. I am here today because the appellant's car loan contract with the appellee was usurious and fraudulent, and the appellee has not addressed the appellant's financial claims to the appellant's satisfaction. The causes of action includes violations of the appellant's civil rights, including usury, fraud, and deceptive business practices, just to name a few. The appellant believes that on an appeal from a Rule 12b-6 motion to dismiss for failure to state a claim, the appellate court should consider the motion de novo and accept all factual allegations in the complaint as true and draw inferences from these allegations in the light most favorable to the plaintiff or appellant. The appellant alleges that the appellee engaged in violations of certain federal laws and statutes that violate the civil rights of the appellant. These include, but are not limited to, the RICO Act of 1970, the Servicemembers' Civil Relief Act of 2003, the Equal Credit Opportunity Act of 1974, the Truth in Lending Act of 1968, and violations of state regulations and statutes, including, but not limited to, the New York General Obligations Law 5-501, 5-511, 5-513, and the New York General Business Law Section 349. The appellant also alleges damages sustained from mail fraud and interstate wire fraud, as well as violations of the Fair Credit Reporting Act and Fair Debt Collections Act, Fair Debt Collections Practices Act. Mr. Wong, am I correct that the interest rate that you were required to pay was 24.99 percent? That's correct, Your Honor. And you made three payments on the car? That's correct, Your Honor. And then the car was in an accident in August of 2013? Yes, Your Honor. Now, your SCRA complaint, a claim, can you explain the basis of that claim? Yes, Your Honor. I was called to active duty. I joined the Army National Guard on July 26, 2011, and I was called up to active duty after the September 11 terrorist attacks. And before I went to active duty training, I exercised my right under the Service Member Civil Relief Act to stop credit card bills from coming from Discover Financial. And I exercised this right, and I believe that there's a provision under the service member Civil Relief Act that if that future exercise of future transactions under while exercising this right should be protected. And I believe that the appellee violated that right. Also, I would like to include that the appellant also believes that the appellant's claim for pain and suffering should be included and not withdrawn, and would like to include them with the Second Circuit. Because earlier with the Eastern District, I was told to withdraw the claims for pain and suffering as it was decided by the Judge Magistrate at that time. And I would like to include them with the Second Circuit today. Also, the appellant believes that the appellee's actions prevented acknowledgement of the appellant's motions under the District Court's Individual Bundle Rule 4E, which required bundling by the appellee and the appellee's counsel, which did not allow me to exercise my motions fully as a plaintiff and appellant. Also, the appellant's Civil RICO claim, I believe, is valid because the three criteria to establish a Civil RICO action has been met. Also, the appellant alleges that the appellee road loans and master's automotive constitute a RICO enterprise, specifically a RICO association in fact enterprise, to conspire to underwrite a usurious and fraudulent note while knowing that the interest rate in it was unenforceable to maximize profit at the expense of consumers in general in what I believe to be a consumer-oriented racket. Thank you, Mr. Quine. We have your brief, and the appellee has elected to submit today, so they will not be arguing. So thank you for your argument. Yes, thank you, Your Honor. That is the last case on the calendar today, so I'll ask the clerk to adjourn court.